IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAULA LOWTHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-1206-SLP |
| ) | |
| MARTEN TRANSPORT, LTD, and ) | |
| THOMAS DOSTER, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is the Renewed Motion to Quash Subpoena for Phone Records [Doc. No. 16] filed by Defendants Marten Transport, LTD and Thomas Doster. Plaintiff Paula Lowther filed a Response [Doc. No. 17], and Defendants filed a Reply [Doc. No. 18]. The Motion is DENIED.

**I.   Background**

This action stems from a February 9, 2023, highway collision. Plaintiff alleges Defendant Doster was driving a semi-truck as an employee of Defendant Marten when he changed lanes into her vehicle. The impact caused her car to spin around into the inside lane of traffic, where another vehicle then struck her head-on. This lawsuit ensued. As is relevant here, Plaintiff alleges Defendant Doster acted negligently and recklessly by, *inter alia*, "driving while fatigued, tired and not alert" and "in violation of 49 CFR § 392.3[.]"[1] [Doc. No. 1-3] ¶ 3.

---

[1] That regulation provides, in relevant part: "No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle,

Plaintiff issued a subpoena duces tecum to AT&T, Defendant Doster's cell service provider. She seeks "cellular telephone records, text, data, internet usage, all cell tower GPS data and any other recods [sic] for cell phone number 662-229-5231 for the date range of February 02, 2023 12:01 am to February 08, 2023 11:59 pm." [Doc. No. 9-1]. Defendants have moved "quash the subpoena in full." [Doc. No. 16] at 1.[2]

## II. Legal Standard

A subpoena may command "each person to whom it is directed to . . . produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). It is well-settled "that the scope of discovery under a [Rule 45] subpoena is the same as the scope of discovery under Rule 26(b)." *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003); *Shutrump v. Safeco Ins. Co. of Am.*, No. 17-CV-0022-CVE-TLW, 2017 WL 3579211, at *1 (N.D. Okla. Aug. 18, 2017) (same). And Rule 26(b) permits discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle."

[2] It appears Defendants are alternatively asking the Court to modify the subpoena such that AT&T must only produce "records for . . . the date of the occurrence." [Doc. No. 16] at 5.

Fed. R. Civ. P. 26(b).

A court may quash or modify a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). The question of undue burden "is a case specific inquiry that turns on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Goodyear Tire*, 211 F.R.D. at 662 (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D.N.Y. 1996)). "The burden is on the moving party to establish grounds for quashing a subpoena." *Shutrump*, 2017 WL 3579211, at *1; *see also Morales v. E.D. Etnyre & Co.*, 228 F.R.D. 694, 696 (D.N.M. 2005) ("The party seeking a protective order or moving to quash a subpoena has the burden to demonstrate good cause and/or the privilege to be protected.").

### III. Discussion[3]

Defendant Doster relies primarily on a trio of district court cases to argue that parties are generally not entitled to phone records for the days leading up to an accident. *See* [Doc. No. 16] at 3–4 (citing *Kizer*, 2019 WL 2017556; *Coleman v. Reed*, No. CIV-15-1014-M, 2016 WL 4523915 (W.D. Okla. Aug. 22, 2016); *Schumacher v. Hardwoods Specialty Prods., US, LP*, No. 18-4130-HLT-KGG, 2019 WL 4689459, at *2 (D. Kan. Sept. 26,

---

[3] It is clear that Defendant Doster has standing to challenge the subpoena seeking his cell phone records. *See Kizer v. Starr Indem. & Liab. Co.*, No. CIV-18-846-D, 2019 WL 2017556, at *3 (W.D. Okla. May 6, 2019) ("Because Palma has a personal interest in the privacy of his cell phone records, he has standing to challenge the subpoena issued by Plaintiffs."); *see also Clark v. Johnson*, No. 14-CV-582-JED-PJC, 2015 WL 4694045, at *2 (N.D. Okla. Aug. 6, 2015). The Motion to Quash is filed on behalf of both Defendants, but it contains no argument about why Defendant Marten has standing to challenge the production of Defendant Doster's cell phone records—and none is apparent to the Court. Accordingly, the Court confines its analysis to Defendant Doster.

2019)).  But a statement about what is "generally" discoverable provides little insight, as the scope of discovery is a highly case-specific inquiry.  And Defendant Doster does not identify anything about the three cited cases—other than the fact that those courts limited the scope of the requested records—that supports the same result here.

Plaintiff's Response explains that the requested records "would reveal whether Doster was using his cell phone in the periods when he was supposed to have been sleeping," which "is relevant to Plaintiff's claim . . . that Doster caused the collision because he was fatigued, tired, and violating 49 C.F.R. § 392.3" [Doc. No. 17] at 3.  In support, she cites a study suggesting a partially sleep-deprived driver's braking time "is delayed up to 44% compared to a driver who is adequately rested."  *Id.* at 5.  Plaintiff further argues that records for the week preceding the accident are proportional because the effects of sleep deprivation are cumulative.  *See id.* at 4–5.  The Court agrees with Plaintiff that, under the circumstances of this case, the requested records are discoverable under Rules 26 and 45.

The arguments raised in Reply miss the mark.  For example, Defendant Doster attacks the reliability of "a single call or a scattered text," when it is clear Plaintiff seeks a week of records to discern a pattern of sleeplessness. [Doc. No. 18] at 2.  Other arguments apparently target the ultimate credibility of the evidence, not its discoverability.  *See, e.g.*, *id.* ("Outgoing messages would indicate Doster sent a message, but not how long he was awake.").  Similarly, Defendant Doster suggests the Court should quash the subpoena because "nothing about the facts alleged or the evidence already unearthed provides a foundation for a broad sweep of Defendant's phone records." *Id.* at 4.  But the accident

4

report indicates Defendant Doster made an "unsafe lane change," [Doc. No. 18-1] at 1, and the requested records may illuminate the reasons underlying his actions. Accordingly, the information sought is relevant to the claim that Defendant Doster caused the accident because he was fatigued, and Plaintiff's request for one week of records is proportional for the reasons set forth above.

Finally, Defendants ask the Court to modify the subpoena "to exclude the substance of any communication." [Doc. No. 16] at 4. Plaintiff clarifies that she is not seeking that information, and such information is not even available from AT&T. *See* [Doc. No. 17] at 1 & n.1. The Court, like the parties, agrees that the substance of the communications should not be produced.[4]

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendants' Renewed Motion to Quash Subpoena for Phone Records [Doc. No. 16] is DENIED.

IT IS SO ORDERED this 7th day of April, 2025.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff states she is "agreeable to entering into a protective order." [Doc. No. 17]. The parties are free to move for such relief, consistent with this Court's guidelines.