IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAULA LOWTHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-1206-SLP |
| | ) | |
| MARTEN TRANSPORT, LTD, and | ) | |
| THOMAS DOSTER, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Plaintiff's Motion to Compel Deposition Testimony of Ryan McGee [Doc. No. 48] (Motion). The matter has been fully briefed and is at issue. *See* Resp. [Doc. No. 57]; Reply [Doc. No. 61]; Sur-Reply [Doc. No. 69]; Sur Sur-Reply [Doc. No. 72]. For the reasons that follow, the Motion is granted.

**I.    Introduction**

This action involves various negligence-based claims against Defendants Marten Transport, LTD (Marten Transport) and Thomas Doster (Doster) relating to a motor vehicle accident that occurred on Interstate 35. Doster was driving a semi-truck on behalf of Marten Transport when his vehicle collided with Plaintiff's vehicle.

In her Motion, Plaintiff seeks to compel the deposition of non-party Ryan McGee (McGee), an employee of Marten Transport. Plaintiff asserts that the deposition of McGee is relevant for primarily two reasons: (1) as part of his role at Marten Transport, McGee conducts investigations of collisions involving Marten Transport vehicles, including

determining fault and liability of parties to the collision; and (2) McGee determines whether or not data is downloaded from the semi-truck's event data recorder after a collision, and would have personal knowledge as to the decision not to download the data from Doster's vehicle.  *See generally* Mot. [Doc. No. 48] at 1-2.  Defendants assert that McGee's testimony is not relevant to the claims and/or defenses, is not proportional to the needs of the case, and is protected by the attorney-client privilege.  The Court will address each of Defendants' arguments in turn.

## II.    Governing Law

Civil litigants "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ."  Fed. R. Civ. P. 26(b)(1).  [R]elevance is broadly construed to include "any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense."  *Miller v. Legacy Bank*, No. CIV-20-946-D, 2023 WL 6204541 (W.D. Okla. Sept. 22, 2023) (citations omitted).  The proportionality analysis considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

## III.    Analysis

### 1.  Relevancy and Proportionality

First, the Court finds that McGee's potential testimony is discoverable.  As to McGee's potential testimony regarding his pre-suit investigation of the incident,

2

Defendants assert the testimony is not admissible because McGee has not been identified as an expert witness and cannot render expert opinions in the matter. *See* Resp. [Doc. No. 57] at 5. Further, they state McGee cannot offer any lay opinion as such an opinion would not be based on his own perceptions of the incident as contemplated by Rule 701 of the Federal Rules of Evidence. *Id*. The Court finds these arguments not well taken. "Information within [the scope of Rule 26(b)(1)] need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Instead of addressing relevancy, Defendants solely focused on the admissibility of McGee's proposed testimony. The fact that McGee's proposed testimony may not be admissible does not mean it cannot be discoverable. It also appears that McGee's non-legal work as a claims handler investigating and making determinations for Marten Transport collisions is relevant to Plaintiff's claims. As such, the Court finds McGee's investigation of the subject incident and involvement in the handling of the subsequent claim is discoverable and relevant information to the extent such information is not privileged.

The Court also finds McGee's potential testimony regarding the treatment of data downloaded (or not) from Doster's vehicle is relevant. Plaintiffs assert that such testimony is relevant as McGee has personal knowledge as to why data was not downloaded from the event data recorder of Doster's vehicle. *See* Mot. [Doc. No. 48] at 2-3. In response, Defendants focus on the testimony of their accident reconstruction expert, Matthew Arbour. Arbour testified that using Doster's dash cam video of the incident, as well as GPS data, the speed of Doster's vehicle could be determined. *See* Resp. [Doc. No. 57] at 5-6. Arbour then states that the rate at which Doster's vehicle slowed would not have

3

triggered the event data recorder during the collision, and no data would have been recorded. *Id*. at 6. However, the Court agrees with Plaintiff that the underlying reasons for McGee's decision not to download data from the event data recorder of Doster's vehicle are relevant. Even if event data was not recorded from the incident, Plaintiff is entitled to know why the individual responsible for downloading such data for Marten Transport made the decision not to. Such testimony is relevant to the treatment of evidence in the matter. Accordingly, the Court finds that McGee's proposed testimony is relevant to Plaintiff's claims.

Next, the Court finds that the proposed testimony of McGee is proportional to the needs of the case. Defendants assert that the deposition of McGee would be unduly burdensome. [1] Because the Court has found that the information sought is relevant, Defendants must demonstrate "that the potential harm occasioned by [the requested discovery] would outweigh the ordinary presumption in favor of broad disclosure." *Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 359 (D. Colo. 2004). Defendants focus on logistical complications with the preparation and presentation of McGee for deposition, rather than substantive undue burdens associated with the proposed testimony. *See* Resp. [Doc. No. 57] at 7-8. Preparation and attendance at a deposition seeking relevant information is not an undue burden on its own.[2] *See*, e.g., *Young v. Pepe Tools, Inc.*, No.

---

[1] Defendants do not address any of the other proportionality factors outlined in Rule 26(b)(1).

[2] Defendants assert that litigation counsel will undergo an undue burden "prevent[ing] the disclosure of privileged material" during the deposition of McGee. *See* Resp. [Doc. No. 57] at 7-8. This argument is not well taken as, discussed below, Defendants have not demonstrated how the requested deposition topics are protected by the attorney client privilege.

25-MC-887, 2025 WL 3513914, at *6 (D. Utah Dec. 8, 2025) (collecting cases); *see also Sentry Ins. v. Shivers*, 164 F.R.D. 255, 257 (D. Kan. 1996) ("That defendants will incur additional expense by attending the . . . depositions does not show undue burden[.]"). Defendants' proportionality arguments are undeveloped, do not cite to any authority, and do not demonstrate the burdens of deposing McGee outweigh the relevant proposed testimony. Accordingly, the Court finds that McGee's proposed testimony is both relevant and proportional to the needs of the case.

### 2. Attorney-Client Privilege

Lastly, Defendants assert that McGee's potential testimony is protected under the attorney-client privilege because, in his role as a claims adjuster for Marten Transport, he assisted litigation counsel with the claim since counsel had been retained. "The burden of establishing the applicability of [the attorney-client] privilege rests on the party seeking to assert it." *In re Grand Jury Proc.*, 616 F.3d 1172, 1183 (10th Cir. 2010) (citations omitted and brackets in original). Because this is a diversity action under Oklahoma law, the Court will look to Oklahoma law regarding the assertion of the attorney-client privilege. *See Seneca Ins. Co. v. W. Claims, Inc.*, 774 F.3d 1272, 1275 (10th Cir. 2014); Fed. R. Evid. 501. Relevant here, Defendants may assert the privilege in situations where "confidential communications [between an attorney and a representative of Marten Transport were] made for the purpose of facilitating the rendition of professional legal services to [Marten Transport.] *See* Okla. Stat. tit. 12 § 2502(B). However, "the mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege . . . rather, the communication between a lawyer and client

must relate to legal advice or strategy sought by the client." *In re Grand Jury Proceedings*, 616 F.3d at 1182 (cleaned up and citations omitted).

In his affidavit attached to Defendants' response brief, McGee states in his "position as a Claims Manager, [he] investigate[s] vehicle collisions, advise[s] other adjusters under [his] supervision, and assist[s] the risk management department in determining liability after a motor vehicle collision occurs." Aff. of Ryan McGee [Doc. No. 57-2] at ¶ 5. Further, he states he "work[s] in cooperation with, and assist[s], litigation counsel when a lawsuit is filed or anticipated to be filed." *Id*. at ¶ 6. However, McGee states in his affidavit attached to Defendants' sur-reply brief that he retained litigation counsel to represent Marten Transport on November 1, 2024. *See* Aff. of Ryan McGee [Doc. No. 69-1] at ¶ 5. The subject incident occurred on February 9, 2023. *See*, *e.g.*, Pet. [Doc. No. 1-3] at ¶ 1. Defendants do not address how McGee's investigation and determination as to fault and liability were a part of McGee's role in assisting legal counsel. Defendants have failed to show how any investigation conducted by McGee prior to the retention of litigation counsel would be privileged. Even after litigation counsel was retained, Defendants have not shown how McGee's investigation and determinations as to fault and liability were used to facilitate the rendition of legal services. *See, e.g., Leblanc v. Texas Brine Co., LLC*, No. CIV-16-1026-D, 2017 WL 913801, at *3 (W.D. Okla. Mar. 7, 2017) ("The attorney-client privilege protects 'confidential disclosures [made by the client] to an attorney . . . in order to obtain legal assistance.'") (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). It appears such duties are a part of McGee's role as claims manager regardless of whether counsel is retained. *See* Aff. of Ryan McGee [Doc. No. 57-2] at ¶ 5. Defendants also do

not address how McGee's potential testimony regarding the event data recorder is privileged. Accordingly, the Court finds that Defendant has not demonstrated how Plaintiff's proposed deposition topics are protected by the attorney-client privilege.

## IV.    Extension of Time to Conduct Deposition

The Motion and corresponding briefs were filed before the expiration of the April 1, 2026, discovery deadline set forth in the Court's Second Amended Scheduling Order [Doc. No. 42]. Because the Court finds the requested relief in the Motion warranted, the Court, acting sua sponte, will extend the discovery deadline *only* for the purpose of conducting McGee's deposition. The parties are cautioned that all other deadlines in the Second Amended Scheduling Order [Doc. No. 42] remain in effect absent further order from the Court.

## V.    Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion [Doc. No. 48] is GRANTED. The Court, acting sua sponte, grants Plaintiff leave of Court to take the deposition of Ryan McGee out of time by April 23, 2026. Should the parties require more time to conduct the deposition, either party may file a motion requesting such relief.

IT IS SO ORDERED this 9th day of April, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

7